**Christopher Earl STRUNK, H. William Van Allen, Plaintiffs–Appellants,**

v.

**GREEN PARTY OF NEW YORK STATE, et al., Plaintiffs– Appellees.**

**Liberal Party of the State of New York, et al., Intervenor– Plaintiffs–Appellees.**

**No. 04–1085.**

United States Court of Appeals, Second Circuit.

Oct. 5, 2005.

H. William Van Allen, Hurley, New York, Christopher Earl Strunk, Brooklyn, New York, for Appellants, pro se.

Jeremy Creelan, Brennan Center for Justice at NYU School of Law (Deborah Goldberg, on the brief), New York, New York, for Plaintiffs–Appellees.

Herbert Rubin, Herzfeld & Rubin, P.C., New York, New York, for Intervenor– Plaintiffs–Appellees.

PRESENT: NEWMAN, SOTOMAYOR, Circuit Judges, and DANIELS,* District Judge.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this appeal is DISMISSED.

We assume the parties' familiarity with the underlying facts and procedural history of this case. It is not clear from which order or judgment appellants Christopher Earl Strunk and H. William Van Allen, *pro se,* appeal.

The district court denied Strunk and Van Allen permission to intervene in this action, however. Because neither Strunk

---

* The Honorable George B. Daniels, of the District Court for the Southern District of New York, sitting by designation.

nor Van Allen are parties to this case, each lacks standing to appeal the final judgment of the district court. *See Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1043 (2d Cir.1988) (noting that only proper parties of record may appeal adverse judgments). To the extent that Strunk and Van Allen appeal from the district court's September 19, 2003 order modifying the preliminary injunction to include other intervenor-plaintiffs, the notice of appeal, filed on October 24, 2003, was untimely, and this Court lacks jurisdiction to consider it. *See* Fed. R.App. P. 4(a)(1); *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (noting that the timely filing of an appeal is "mandatory and jurisdictional"). Finally, to the extent that Strunk and Van Allen appeal from the district court's March 2004 order denying their motion to intervene, Strunk and Van Allen have waived any challenge to that decision by failing to raise any argument regarding that order in their appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). In any event, because the district court did not abuse its discretion in denying the motion to intervene, such a challenge would lack merit. *See Farmland Dairies*, 847 F.2d at 1043–44.

For the foregoing reasons, this appeal is DISMISSED.